<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                                          :
MARQIS A. KENNON,                      :
                                                          :    Civil Action No. 16-756-BRM-DEA
                     Petitioner,        :
                                                          :
      v.                                            :
                                                          :
STEVEN JOHNSON, et al.,                :
                                                          :    **MEMORANDUM OPINION & ORDER**
                     Respondents.   :
_____:

      **THIS MATTER** comes before the Court on the following motions filed by petitioner Marqis A. Kennon ("Petitioner"): Motion to Recuse the New Jersey Attorney General's Office (ECF No. 5); Motion to File An Overlength Brief (ECF No. 15); and Motion to Take Judicial Notice (ECF No. 16). For the reasons set forth below, Petitioner's Motion to Recuse is **DENIED,** and Petitioner's Motion to File an Overlength Brief and Motion to Take Judicial Notice are **ADMINISTRATIVELY TERMINATED**, as moot.

      Petitioner seeks "recusal of the New Jersey Attorney General's office (NJAG) from any representation during [his] petition[] for habeas corpus" because "of the arrest and conviction of Somerset County New Jersey Prosecutor, Nicholas Bissell, by federal authorities, for some 35 counts of racketeering." (ECF No. 5 at 1-2.) Allegedly, "Bissell was responsible for the entire pre-indictment investigation of this matter." (*Id*. at 2.) Petitioner contends that, "[d]uring the pretrial investigation and later prosecution of this matter, several members of the Somerset County, New Jersey Prosecutor's office were appointed Special Deputy Attorneys General . . . [including] the prosecutors in the instant matter." (*Id*.) Petitioner "allege[s] Bissell and his associates committed numerous criminal acts and violations of law that were designed to deny [Petitioner his] most basic

1

constitutional rights." (*Id*.) Although largely a matter of semantics, because recusal is generally limited to judicial officers, the Court construes Petitioner's motion as seeking disqualification of the New Jersey Attorney General's office and will analyze it under the appropriate standards for such relief.

Local Civil Rule 103.1 provides that the Rules of Professional Conduct ("RPC") of the American Bar Association, as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice in the District of New Jersey. L.Civ.R. 103.1(a). "Disqualification of counsel is a harsh remedy which must be used sparingly." *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J. Super. 557, 572 (App. Div. 2000); *see also United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980) ("Although disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic."); *Wyeth v. Abbot Labs.*, 692 F. Supp. 2d 453, 457 (D.N.J. 2010) (noting that, in considering disqualification, courts should "carefully examine the totality of the circumstances, taking a balanced approach that includes evaluating the impact, nature and degree of a conflict."). Thus, the movant bears the burden of proving that disqualification is appropriate in light of the applicable Rules. *Id*.

Initially, the Court notes that the New Jersey Attorney General's Office does not represent any party to this action. Rather, the New Jersey Attorney General's Office is itself a party and, thus, cannot be "recused" or disqualified. Insofar as Petitioner's motion can be construed as seeking to disqualify the Somerset County Prosecutor's Office from representing the New Jersey Attorney General's Office, Petitioner has failed to meet his burden of proving disqualification is appropriate. While Petitioner's motion alleges "several members of the Somerset Prosecutor's office were appointed Special Deputy Attorneys General" and engaged in misconduct during his

pretrial investigation, that is an insufficient basis to disqualify counsel of record, who is not mentioned anywhere in Petitioner's motion papers. The Court is not aware of any RPC or other authority that would preclude the Somerset County Prosecutor's Office from continuing to represent the Respondents and Petitioner has offered none.

Finally, Petitioner has also filed a Motion to File an Over-Length Brief (ECF No. 15) and Motion to Take Judicial Notice (ECF No. 16). With respect to Petitioner's Motion to File an Over-Length Brief, Petitioner seeks relief *nunc pro tunc* and, although his brief is grossly over-length (totaling 90-pages), the Court will consider the arguments he raises in evaluating his Petition. Similarly, the Court will consider the record in its entirety, including those documents identified in Petitioner's Motion to Take Judicial Notice. Therefore, the Court will administratively terminate these motions as moot. Accordingly, for good cause shown,

**IT IS** on this 7th day of March, 2017,

**ORDERED** that Petitioner's Motion to Recuse the New Jersey Attorney General's Office (ECF No. 5) is **DENIED**; and it is further

**ORDERED** that Clerk shall **ADMINISTRATIVELY TERMINATE** Petitioner's Motion to File an Over-Length Brief (ECF No. 15) and Motion to Take Judicial Notice (ECF No. 16).

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE